IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**ROBERT GOBLE**

    **Plaintiff,**

v.                                                                 CV 00-PT-1714-M

**ALABAMA LAMP AND SHADE,
INC. and TRAVELERS INSURANCE
COMPANY**

    **Defendants.**

## MEMORANDUM OPINION

This cause comes on to be heard on Defendant Travelers Insurance Company's Motion to Dismiss filed on July 12, 2000, converted by the court to a motion for summary judgment.[1] The plaintiff has acknowledged that he does not purport to assert any claims except claims of outrageous conduct and intentional fraudulent conduct against defendant Travelers.

Plaintiff bases his claims against Travelers on the following allegations (See plaintiff's brief marked served on September 15, 2000). The court will repeat only the allegations made with reference to events after September 1997. Plaintiff acknowledges that from September 1987 to September 1997, Travelers met all its obligations. The allegations continue as follows:

> In October 1997, Travelers, on behalf of Alabama Lamp, contacted Goble with a "proposal." Travelers acknowledged that based on the Court's order of September 21, 1987, it had a continuing obligation to pay Robert's medical expenses resulting from the back injury in the future. Travelers explained that since Goble's treatments consisted only of paid management, it was unlikely

---

[1] Since neither party has submitted significant evidentiary materials, the court will only consider the motion as one to dismiss. This will be without prejudice as to possible later motion(s) for summary judgment.

Travelers would be obligated for any substantial amount of medical expenses in the future. Travelers then offered Goble the sum of $35,000 in cash in exchange for his release of Travelers and Alabama Lamp for any further obligations or liabilities for any future medical treatment or care as required in the court's order. The Travelers representative then advised Gable that it would be in his best interest to take the money. The plaintiff explained to the Travelers representative that without the insurance, he would have no way to pay for his future medical expenses. When Gable declined the defendant's offer, the defendant responded that they "had nothing more to talk about."

After the plaintiff refused the defendant's offer and in 1998, the defendant began a pattern of conduct to force the plaintiff to sell his right to have his future medical expenses paid. The defendant began to dispute certain claims, delay payments on certain claims and deny other claims altogether. This practice continues to the date of the filing of this complaint.

After August, 1998, the plaintiff continued to experience intolerable pain and his general condition declined. During that time, he began to experience "panic attacks."

By October 1999, the plaintiff's condition grew worse and he was becoming emotionally and physically exhausted. At times, the plaintiff's pain and distress were so severe that he could not walk and was confined to the bed for long periods of time. The plaintiff considered suicide as his only way to escape the pain and emotional distress that he was experiencing. His doctors informed him that his psychological functioning was being affected by the pain. The doctors recommended that the only treatment that would possibly benefit the plaintiff was psychiatric care. The doctors recommended to the plaintiff that he receive psychiatric care. The defendants, without any basis in law, medicine, or fact, refused the recommendations of the doctors and refused to pay for the psychiatric care.

The plaintiff cannot continue to live without the care and treatment that has been recommended by his doctors.

After years of extreme debilitating pain and emotional distress, the defendant will not pay the plaintiff's medical expenses as they are required to do and will not approve medical treatment that might save Robert Gable's life.

Defendant argues that its offer of compromise would not be admissible . The court cannot so determine at this stage. First (see Rule 408), it does not appear that there was a

"dispute as to validity or amount."  Further, it appears that the evidence likely would be offered "for another purpose . . . ."

Defendant argues that there is no allegation of a pattern of repeated delay.  The plaintiff alleges that, following his refusal of the offer of compromise, the defendant began a pattern of disputing claims, delaying payment and denying claims which continues.  The court agrees that the mere refusal to pay a certain type claim, that is for psychiatric treatment, may not establish a "pattern" as alleged.  The court cannot, however, determine at this stage what Travelers did with regard to claims in general.  The motion with regard to the claim of outrage will be denied at this stage.  The court will carefully consider the facts as developed.  Plaintiff should not merely attempt to convert a refusal to pay psychiatric bills into a general "pattern."  Neither will an offer of compromise, standing alone, be deemed to be coercion.

The fraud claims are stated in a conclusory manner and without the degree of particularity required by Rule 9(a).  The motion to dismiss the fraud claim(s) will be granted, with leave to amend.  It would appear to be highly unlikely that the plaintiff can support a fraud claim for alleged misrepresentation and suppression in 1987, based on a circumstance arising over ten years later.  While the plaintiff will be given leave to amend, he should not attempt to maintain a fraud claim based merely on what some perceive to be an obligatory theory to be asserted in all cases.

It is not clear to the court whether plaintiff purports to bring either a contract claim for benefits and/or a worker's compensation claim for benefits.  The motion will be denied as to such a claim if there is the former.  If there is the latter, it should likely be remanded.  The parties can respond within ten (10) days.

This the _28th_ day of September, 2000.

*[signature]*
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE